# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEFFREY L. JONES,

   Plaintiff,

v.

SALISBURY CITY POLICE
   DEPARTMENT,
DONNA DUBAS,
CHAD CROCKETT,
TIMOTHY ROBINSON,
MICHAEL LORING,
SHAWN ENGLEBRECHT,
ROBBINS,

   Defendants.

Civil Action No.: RDB-18-3550

## MEMORANDUM OPINION

In response to Jeffrey L. Jones's civil rights complaint, Defendants move to dismiss the complaint because "Salisbury City Police Department" is not a legal entity capable of being sued and the Complaint against the individually named Defendants is time barred. ECF 19. Jones has responded. ECF 21 & 23. Upon review of the papers filed, this Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below the Motion to Dismiss IS GRANTED.

### Complaint Allegations

Jeffrey L. Jones, a state inmate currently confined at the Eastern Correctional Institution in Westover, Maryland, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 on November 16, 2018, against the Salisbury City Police Department. ECF 1, p. 1. Jones alleged that on November 15, 2015, "Salisbury City Police was canvassing the area around Patterson Ave. looking for [him]." *Id.*, p. 3. Jones was found in his neighbor's yard unresponsive and appeared to be

under the influence: he could not walk, was incoherent, and lethargic. *Id*. Jones was arrested and taken to the Salisbury City police station and placed in a holding cell. At that time it was noted that Jones's wrist/hand was broken and swollen. *Id*. At no time during his arrest or detention at the police station was Jones provided medical care. *Id*. Seven hours later Jones was transferred to the Wicomico County Detention Center ("WCDC"). *Id*.

For several months, while housed at the WCDC, Jones complained about his hand/wrist. *Id*. On an unspecified date an x-ray was taken of his wrist/hand and it showed that "something was wrong." *Id*. In February of 2016, Jones was taken to an orthopedic doctor who confirmed that Jones's right thumb had been broken and healed "wrong." *Id*. Jones states that he cannot fully use his right hand and his hand/wrist is numb and swollen all the time. *Id*. According to Jones, "Salisbury City Police [were] negligent and violated [his] human, civil and basic rights by not taking [him] to a hospital or calling EMS when the police found [him] in the condition [he] was found in." *Id*.

On April 23, 2019, Jones filed a Motion for Leave to File an Amended Complaint. ECF 13. In his Motion, Jones stated that since the filing of the Complaint he determined that Officer Donna Dubas, Officer Chad Crockett, Timothy Robinson, Michael Loring, and Shawn Englebrecht, all employees of the Salisbury City Police Department, should be added as additional Defendants to his Compliant. *Id.*, p. 2. The Motion was granted and Jones was directed to file a formal Amended Complaint explaining how each Defendant was involved in the violations alleged. ECF 15.

On May 20, 2019, Jones filed the Court-directed Amended Complaint wherein he explained that Timothy Robinson, PFC Robbins,[1] Sgt. Chad Crockett, and Donna Dubas all found Jones lying on the ground appearing extremely intoxicated. ECF 16, p. 3. Loring later testified, presumably during Jones's criminal proceedings, that Jones was passed out in the yard and appeared to be under the influence and was lethargic. *Id*. The officers were all involved in Jones's arrest and transport to the Salisbury City Police Department. *Id*., pp. 3-4. Jones alleges that the individually named Defendants withheld medical assistance, failed to call EMS after finding him unresponsive, were grossly negligent, failed to follow unspecified department protocol after observing Jones's wrist injury and possible overdose. *Id*., p. 4. Additionally, Jones alleges that the Salisbury Police Department should be held responsible for the conduct of their officers. *Id*.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

---

[1] Robbins was not included in Jones's Motion to Amend the Complaint but was included as an additional Defendant in the Amended Complaint. He has not been served with the Complaint and as such, the Complaint against him is dismissed without prejudice.

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

## Analysis

**A. Salisbury City Police Department**

As noted, Jones filed this Complaint under 42 U.S.C. § 1983 against Salisbury City Police Department. Essential to sustaining an action under § 1983 are the presence of two elements: (1)

4

that Plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no legal entity named Salisbury City Police Department and as such, Salisbury City Police Department is not a "person" subject to suit or liability under § 1983. It shall be dismissed as a party to this Complaint.

### B. Individually Named Defendants

Defendants contend that Jones's Complaint against the individually named Defendants is time barred. Title 42 U.S.C. § 1983 does not provide a statute of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101.

Jones's Complaint centers on Defendants denying him medical care on November 15, 2015. While Jones filed his Complaint on November 16, 2018, the last day of the three-year limitations period, in his initial Complaint he named Salisbury City Police Department as the sole Defendant. He did not name the individual Defendants until he filed his Amended Complaint on May 20, 2019, more than six months after the statute of limitations expired. Jones contends that his failure to name the individual Defendant in his initial Complaint was due to his ignorance of the law. ECF 21, p. 3.

Jones's Complaint against the individual Defendants may nevertheless be timely if the Amended Complaint is deemed to relate back to the filing of the initial Complaint. It does not. Under Fed. R. Civ. Pro. 15(c)(1)(A) an amendment to a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Thus, Maryland law controls whether an Amended Complaint relates back to the date the original complaint was filed.

Under Maryland law, an amendment naming an entirely new party does not relate back to the time of filing of the original complaint for purposes of a statute of limitations defense. *See Talbott v. Gegenheimer*, 205 A.2d 285, 286 (Md. 1964) (noting that where the new party named is not the correction of a mere misnomer or change in theory of liability, the amendment does not relate back). "A plaintiff is not permitted to add a new defendant to a case after the limitations period has expired except to correct the name of a defendant." *Hansberger v. Smith*, 142 A.3d 679, 692 (Md. Ct. Spec. App. 2016), citing *Talbott*, 205 A.2d at 286 and *Grand-Pierre v. Montgomery County*, 627 A.2d 550 (Md. Ct. Spec. App. 1993). Accordingly, the Complaint against the individually named Defendants is time barred.

Defendants also argue that under Fed. R. Civ. Proc. 15(c)(1)(C) Jones's Amended Complaint does not relate back to the original Complaint. Fed. R. Civ. Proc. 15(c)(1)(C) provides that an amended pleading relates back to the original pleading when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

An amendment satisfies Fed. R. Civ. P. 15(c)(1)(B) where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading . . . ." Jones clearly satisfies Fed. R. Civ. P. 15(c)(1)(B) as the conduct alleged in both his initial Complaint and Amended Complaint concerns his treatment following his arrest and detention at the Salisbury City Police Department on November 15, 2015.

Jones fails, however, to satisfy the second requirement of Fed. R. Civ. Pro. 15(c)(1)(C)(i) as the individually named Defendants did not receive notice of the action within the period provided by Rule 4(m). Rule 4(m) provides for service of process on a Defendant within 90 days of the Complaint being filed. Jones was required under Rule 4(m) to serve such Defendants by March 16, 2019, but he did not seek to amend his Complaint until April 23, 2019 and did not file the Amended Complaint until May 20, 2019.

Jones also fails to satisfy the third requirement of Fed. R. Civ. Pro. 15(c)(1)(C) as there is no evidence that, within the Rule 4(m) period the individually identified Defendants "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(c)(ii). Jones did not name any "John Doe" Defendants in his initial complaint such that counsel for the Police Department would have been on notice that Jones intended to sue individually named officers. "Rule 15(c)(1)C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.P.A.* 560 U.S. 538, 541 (2010).

Additionally, although not dispositive of the question regarding relation back, there is no indication that during the three year limitations period for filing this case Jones was unaware of the identity of the individual officers involved in the alleged failure to treat his broken wrist/hand.

7

To the contrary, the electronic docket in his criminal case demonstrates that Jones was represented by counsel and discovery was had.[2] Moreover, Officer Dubas is listed on the docket as the arresting officer and Jones states, in his Amended Complaint, that several of the individually named officers testified during his January 7, 2016 trial. In light of the foregoing, it does not appear that Jones's Amended Complaint was intended to simply correct a mistake concerning a party's identity.

For the foregoing reasons, Jones's Amended Complaint, filed after the expiration of the statute of limitations, does not relate back to the initial filing, and Jones's Complaint against the individually named Defendants is time barred. Defendants' Motion to Dismiss is granted.

A separate Order follows.

____11/21/2019_____  
Date

_____/s/_____  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE

---

[2] *State v. Jones*, Case No. 1H00079640 Circuit Court for Wicomico County. http://casesearch.courts.state.md.us/casesearch  The Court may take judicial notice of factual information located in postings on government websites. *See Hall v. Virginia*, 385 F.3d 421, 423 at n. 3 (4th Cir. 2004).